1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROY S. E.,

              Plaintiff,

      v.

COMMISSIONER OF SOCIAL SECURITY,

              Defendant.

Case No. 3:25-cv-05335-TMC

ORDER ON PLAINTIFF'S COMPLAINT

Plaintiff seeks review of the denial of his application for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Plaintiff alleges the Administrative Law Judge ("ALJ") erred by finding Plaintiff was not disabled before June 16, 2021. Dkt. 8.

After considering and reviewing the record, the Court concludes the ALJ did not err in finding Plaintiff not disabled. The Court accordingly AFFIRMS the Commissioner's final decision in this matter.

## I.    PROCEDURAL HISTORY

Plaintiff's application for DIB pursuant to 42 U.S.C. § 423 (Title II) and SSI pursuant to 42 U.S.C. § 1382(a) (Title XVI) was denied initially and following reconsideration. Administrative Record ("AR") 152–53, 216–21. Plaintiff's hearing was held before ALJ Malcolm Ross ("ALJ Ross") on September 22, 2020. AR 61–92. On December 2, 2020, ALJ

Ross issued a written decision in which he concluded that Plaintiff was not disabled pursuant to the Social Security Act. AR 186–204. The Appeals Council reversed the decision on July 19, 2021, finding that ALJ Ross failed to evaluate Plaintiff's neuropathy and ignored evidence of it in the record. AR 205–10. ALJ Ross held another hearing on December 7, 2021. AR 93–129. He issued a partially favorable decision on February 2, 2022, finding Plaintiff disabled as of June 16, 2021. AR 12–47.

After the Appeals Council denied Plaintiff's request for review, Plaintiff appealed ALJ Ross's decision to this district on March 7, 2023. AR 1611. On July 14, 2023, the parties stipulated to remand the case with instructions for the ALJ to "further consider the effects of the Plaintiff's lumbar spine abnormalities with radiculopathy, cervical spine degenerative changes and his polyneuropathy." AR 1606.

A third hearing was held before ALJ David Johnson ("the ALJ") on November 19, 2024. AR 1545–55. Again, the ALJ found Plaintiff not disabled prior to June 16, 2021. AR 1508–44. Plaintiff appealed the ALJ's decision, filing a complaint in this Court on April 21, 2025. Dkt. 1. Defendant filed the sealed administrative record on July 11, 2025. Both parties have submitted additional briefing on the issues. Dkts. 8, 10.

## II.    BACKGROUND

Plaintiff was born in January 1971 and was 47 years old on the alleged date of disability onset of May 25, 2017. AR 15, 130. Plaintiff has a limited education and most recently worked as a security officer in 2016. AR 471, 1578. According to the ALJ, Plaintiff suffers from, at a minimum, the severe impairments of lumbar spine abnormalities with radiculopathy, mild cervical spine degenerative changes, polyneuropathy, and migraine headaches. AR 1514. However, the ALJ found Plaintiff was not disabled before June 16, 2021, because he had the following residual functional capacity ("RFC"):

to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except to lift/carry 20 pounds occasionally and 10 pounds frequently, to sit up to 8 hours in a workday, with a sit/stand option, meaning he was able to stand for up to 30 minutes at a time for a total of up to 2 hours in an 8-hour workday, and to walk up to 20 minutes at a time for a total of 1 hour in a workday. He was able occasionally to climb ramps and stairs, but never ladders, ropes, or scaffolds, and able occasionally to balance, stoop, kneel, crouch, and crawl. He was able to tolerate occasional exposure to extreme cold and vibrations and to fumes, odors, dusts, gasses, and poor ventilation. He could not tolerate noise greater than moderate, lighting greater than standard office lighting, or any exposure to hazards such as unprotected heights and dangerous machinery.

AR 1516–17.

### III.    DISCUSSION

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). In Plaintiff's opening brief, Plaintiff raises a single issue: Whether the ALJ properly evaluated Plaintiff's hearing testimony. Dkt. 8 at 2–5.[1]

When an ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged—and there is no affirmative evidence of malingering—the ALJ can only discount the claimant's testimony on symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). "The standard isn't

---

[1] Although Plaintiff broadly asserts that "longitudinal evidence demonstrates that the Plaintiff was unable to sustain full time employment as early as 2018," he only specifically contests the ALJ's findings regarding his testimony. Dkt. 8 at 3–4. *Montoya v. Colvin*, No. 3:14-CV-05503-KLS, 2015 WL 1401117, at *7 (W.D. Wash. Mar. 26, 2015) ("matters on appeal not specifically and distinctly argued in opening brief ordinarily will not be considered") (citing *Kim v. Kang*, 154 F.3d 996, 1000 (9th Cir.1998)).

ORDER ON PLAINTIFF'S COMPLAINT - 3

whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

Plaintiff testified that he quit his last job in December 2016 because of severe pain and swelling in his feet, legs, and back. AR 70. He stated he could walk 10 to 15 minutes before suffering shortness of breath and "unbearable" burning pain moving up from his feet and into his legs, knees, and back. AR 73. He noted that pain medications had helped, but not resolved, his pain, but that he had not taken medications since being diagnosed with tuberculosis from July 2019 to January 2020. AR 76–77. He claimed that he cannot drive for more than 15 minutes or sit upright for more than 10 minutes, and that he needs to recline about 60 to 70 percent of each day. AR 72, 80–81. Plaintiff also stated he cannot lift more than 20 pounds—a maximum of 5 pounds with his left hand and 10 to 15 pounds with his right. AR 80–81, 510. He testified that he struggles with basic self-care and that his friends and family generally pick up his medicine, shop for groceries, do laundry, cook, and clean for him. AR 83–84, 511–13. Although he had no prescription for a cane or mobility device, Plaintiff stated he used his aunt's cane and walker to ambulate. AR 516. Plaintiff testified in 2021 that his pain worsened since the last hearing and that he needed to use medications every four or five hours to alleviate pain symptoms. AR 1788–89.

The ALJ found that Plaintiff's impairments could reasonably be expected to cause some symptoms, but that "[i]nconsistencies undermine the weight that can be given to the claimant's symptom reports." AR 1518. Plaintiff challenges the ALJ's reasons for discrediting testimony about Plaintiff's neuropathy and spinal impairment symptoms. Dkt. 8 at 3–5.

Here, the ALJ properly relied on objective medical evidence to discount Plaintiff's symptom testimony and reject his claim. "Contradiction with the medical record is a sufficient

basis for rejecting the claimant's subjective testimony." *Smartt*, 53 F.4th at 499 (quoting *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008)).

The ALJ found that "the records show normal or good range of motion at times, the ability to walk more than 20 minutes at a time, and a normal gait." AR 1525. A review of the medical record supports the ALJ's reasoning. *See* AR 965 (Plaintiff "up and walking in room for greater than 20 minutes activity this shift"); AR 975 (Plaintiff "ambulates independently with no assistive devices. Mobile >20 min this shift"); AR 925 ("Strength, sensation and reflexes symmetric and normal"); AR 1004, 1043, 1062 (lower extremities had 5/5 motor strength and "good range of motion"). While some records describe Plaintiff as having an antalgic gait, *see, e.g.,* AR 1484, many others describe his gait as normal with no sensory deficit. AR 766, 1362, 1375, 1386. The ALJ reasonably found these facts contradicted Plaintiff's testimony, including that he could only walk 10 to 15 minutes at a time. AR 73.

Plaintiff argues that a normal gait, by itself, does not necessarily contradict his symptom testimony. Dkt. 8 at 3. But Plaintiff fails to address the other facts in the record the ALJ found contradictory, which this Court considers in combination. The ALJ "did not simply pick out a few isolated examples to show that his testimony was inconsistent with the record." *Ahearn v. Saul*, 988 F.3d 1111, 1117 (9th Cir. 2021). Rather, the ALJ "provided specific, clear, and convincing reasons supporting a finding that [Plaintiff's] limitations were not as severe as he claimed." *Id.*

Although the ALJ provided other reasons to discount Plaintiff's testimony, the Court need not consider whether these remaining reasons contained error, as the ALJ gave a proper reason to discount Plaintiff's testimony and the "ultimate credibility determination [is] adequately supported by substantial evidence[.]" *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (emphasis in original) (citation omitted) (concluding "the

ALJ's decision finding [the claimant] less than fully credible is valid" despite some errors because the ALJ gave legally sufficient reasons to reject Plaintiff's testimony). As such, the ALJ's decision to discount Plaintiff's subjective symptom testimony is AFFIRMED.

### IV.    CONCLUSION

Based on these reasons and the relevant record, the Commissioner's final decision is AFFIRMED and this case is DISMISSED with prejudice.

Dated this 4th day of December, 2025.

Tiffany M. Cartwright
United States District Judge

ORDER ON PLAINTIFF'S COMPLAINT - 6